JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Kristee Bickers, the natural mother of Abigayle Bickers, appeals from the judgment of the juvenile court affirming a magistrate's decision to grant custody of Abigayle to petitioners Andy and Janna Rainey. We affirm.
Abigayle Bickers, now age 4, was born to Kristee Bickers when Bickers was herself under the jurisdiction of a juvenile court of another state. The record contains abundant evidence that, during the early period of Abigayle's life, Bickers was unable to provide for Abigayle without the assistance of various relatives and was actually incarcerated for a short time due to repeated drug abuse during Abigayle's infancy. While she claims to have been the primary caregiver to the infant, the evidence clearly demonstrates otherwise.
In January 2002, when they were about to find themselves homeless, Bickers and Abigayle were given shelter by the Raineys, who are Bicker's maternal uncle and aunt. That offer came with an agreement that Bickers would work, save part of her earnings, initiate paternity proceedings against the alleged father of Abigayle, and refrain from the use of drugs and alcohol. Bickers violated this agreement so often that she was finally asked to leave the Raineys' home. She then requested that the Raineys continue to care for Abigayle, to which they agreed. Bickers returned once to the home several days later to "get her stuff," but she allowed Abigayle to remain with the Raineys.
Shortly thereafter, the Raineys filed a custody petition that eventually entailed custody investigations, including home studies of both the Raineys and Bickers, who by that time was living with her own father, himself a known drug abuser with mentalhealth issues. She later moved to the home of the mother of the alleged father and resided with him at that residence. The home study on Bickers yielded little to recommend that Abigayle be placed with her, and an attempt to do a home study on the alleged father met with no cooperation. But the home study on the Raineys indicated that they were able to provide a stable and secure home and were very interested in providing care for Abigayle.
During this period, the Hamilton County Department of Jobs and Family Services offered assistance to Bickers, including parenting classes and job-seeking courses, but she declined to participate in either.
When granted visitation by the court during the pendency of the litigation, Bickers exercised her right only sporadically, blaming her inability to spend time with her daughter on her lack of transportation. Testimony indicates that she rarely phoned the Rainey home to inquire about the child during this same period.
Woven throughout the history of this young mother is the issue of drug abuse. She failed a drug test while pregnant with Abigayle, failed another test while on probation, and, by her own admission in court, continued to use drugs during the pendency of this custody case and during her second pregnancy. She has never voluntarily sought drug treatment. There are also continuing mental-health issues as evidenced by her attempted suicide while incarcerated shortly after Abigayle's birth.
The alleged father, Ryan Brashears, who participated to a minimal degree in the proceedings below, first denying then admitting paternity, remains unadjudicated as Abigayle's father. He has contributed absolutely no support for Abigayle. He has not petitioned for custody, nor has he offered any alternative to the court.
In a custody proceeding brought by a nonparent, the court must address the threshold issue of the suitability of a parent before it can consider an award of custody to the nonparent.[1] It is not simply a contest to determine who can provide the best surroundings for a child caught up in a battle of prospective caregivers. So important is the inherent right of a parent to "parent" a child that the court must first make a finding of parental unsuitability — that is, the court must first determine "that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.[2]
Only after such a finding does the door open to a nonparent to be considered for an award of custody, and only then with the recognition of the residual rights of visitation and the ever present possibility of continued litigation dealing with later change-of-custody petitions. It is an awesome responsibility for the juvenile court to determine that a natural parent's right shall be modified such that a nonparent will be designated custodian of her child.
In this case, the trial court found by competent evidence that Bickers, Abigayle's sole legal parent, was clearly unsuitable not by her abandonment of the child, but by her total incapacity to provide a stable continuum of care for Abigayle. The trial court did not abuse its discretion when it awarded custody to the Raineys, who had consistently evidenced an ability to provide the stability of a financially secure and loving home. Clearly an award of custody to the parent in this case would have been detrimental to the child even when scrutinized in light ofPerales.
Accordingly, we overrule the assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] See In re Perales (1977), 52 Ohio St.2d 89, 369 N.E.2d 1047.
[2] Id. at syllabus.